# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATHAN CURTIS TAYLOR | * | |
| Plaintiff *pro se* | * | |
| v | * | Civil Action No. GLR-13-1409 |
| BALTIMORE CITY PUBLIC SCHOOL SYSTEM and BOARD OF EDUCATION | * * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

The above-captioned case was filed on May 10, 2013, along with a Motion to Proceed In Forma Pauperis. ECF No. 2. Because he appears to be indigent, Plaintiff's Motion shall be granted. The Complaint must be dismissed.

Plaintiff seeks damages of 200 million dollars against the Baltimore City School System because he was a victim of prejudice and discrimination. He states "it all begin [sic] when I moved to this address as a little kid." ECF No. 1 at p. 2. He claims the discrimination was all planned out as a scheme of fraud in education since his birth and implores this Court to "look at the records" and "do some research." Id. He asserts that the School System violated Brown v. Board of Education[1] "which declared segregation in public schools to be unconstitutional." Id.

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007).

---

[1] Brown v. Board of Education of Topeka, 348 U.S. 886 (1954).

The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. Id. at 1969.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Moreover, each "averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). "[T]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

The Court has thoroughly examined the Complaint and finds that it insufficient and does not comply with federal pleading requirements. Instead a concise statement of facts as to the underlying cause of action, the Complaint is replete with legal statements and conclusions. Global statements of perceived injustice, such as the ones presented in the instant Complaint, with no clear statement regarding how Plaintiff was harmed or why his claim should even be considered timely,[2] are simply insufficient to place Defendants on notice of the nature of the claim against them. It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512, (2002) (internal quotation marks omitted).

---

[2] Plaintiff states he was born on January 7, 1986. ECF No. 1 at p. 2. Assuming the general statute of limitations of three years did not begin to run until he was 18 years old, his claim is untimely by six years. See Md. Cts. & Jud. Proc. Code Ann. §5-101.

2

A separate Order dismissing the Complaint follows.

May 21, 2013

/s/
_____
George L. Russell, III
United States District Judge